IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| DIANE WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMONWEALTH OF VIRGINIA )<br>STATE BOARD OF ELECTIONS, )<br>*et al.*, )<br>)<br>Defendants. ) | Civil Action No. 3:11CV863-HEH |

## <u>MEMORANDUM OPINION</u>
**(Granting Defendants' Motion for Summary Judgment)**

THIS MATTER is before the Court on Defendants' Motion for Summary Judgment (ECF No. 31). By Order entered August 28, 2012 (EC No. 36), the Court granted Plaintiff's Motion for Relief Pursuant to Rule 56(f), thus extending Plaintiff's deadline to respond to the motion for summary judgment until September 12, 2012. A week has now passed since the deadline and no opposition has been filed, nor any further request for extension received. Additionally, by Memorandum Order entered on August 24, 2012 (ECF No. 34), the Court granted, in part, and denied, in part Plaintiff's Motion for Leave to File a Second Amended Complaint, instructing her to file the Amended Complaint within seven days. Again, the deadline to do so has passed without any action by the Plaintiff.

Applying the well-familiar standards governing a motion for summary judgment in federal practice, as explained herein, the Court will grant Defendants' Motion for Summary Judgment and dismiss the case with prejudice.

## I. BACKGROUND

Under this Court's Local Rules, the Court accepts those facts not disputed to be admitted and also assumes that those facts not disputed by reference to record evidence are admitted by Plaintiff. E.D. Va. Loc. R. 56(B). This practice is consistent with the 2011 amendments to the Federal Rules of Civil Procedure, under which it is incumbent upon the parties to support their factual assertions by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c); *see also Campbell v. Verizon Virginia, Inc.*, 812 F. Supp. 2d 748, 759 n.5 (E.D. Va. 2011) (discussing 2011 amendments to Rule 56), *aff'd* 2012 U.S. App. LEXIS 12311 (4th Cir. June 18, 2012). Because Plaintiff has filed no opposition to the subject motion, Defendants' statement of undisputed material facts are accepted as admitted. The following narrative sets forth the undisputed facts relevant to disposition of the motion.

Between 1994 and April 2010, Plaintiff was employed by Defendant Commonwealth of Virginia State Board of Elections ("Board of Elections"), most recently as the contracts and services coordinator. (Williams Dep. at 8:8-14.) As early as October 2002, the Board of Elections considered outsourcing a number of administrative functions. (Rodriguez Decl. at ¶ 4.) Among those positions considered for outsourcing were the human resources and procurement functions. (*Id.*; Williams Dep. at 46:16-

47:3.) In April 2009, this contemplated action found support in a report issued by the Commonwealth of Virginia Auditor of Public Accounts. (Rodriguez Decl. at ¶ 6, Ex. B.)

Initially upon review of the Auditor's report, the Board of Elections did not consider outsourcing Plaintiff's position. However, with the election of a new governor in November 2009, streamlining state government became a renewed priority, as reflected in Executive Order 2, issued on January 16, 2010. (Damico Decl. at ¶ 5.) At that time, upon further review, the Virginia Secretary of Administration determined that outsourcing the Board of Election's procurement functions to the Virginia Department of General Service would result in added efficiency and cost savings. (Hicks-Thomas Decl. at ¶¶ 4-6; James Decl. at ¶¶ 1-4.) Ultimately, upon consideration of these recommendations, the Board of Elections eliminated Plaintiff's position and terminated her employment. (Hicks-Thomas Decl. at ¶¶ 7-8.)

Based on a previous informal "Hotline" complaint that Plaintiff had made about the Secretary of the Board of Elections, Plaintiff filed the instant lawsuit alleging discriminatory discharge based on her race (Count 1), retaliatory discharge (Count 2), and violation of her First Amendment free speech rights (Count 3). However, Plaintiff has admitted that she cannot identify any instances of racially motivated employment actions by Defendants except for her lay-off. (Williams Dep. at 77:17-22.) Moreover, the undisputed record evidence is that Plaintiff's position was eliminated due to outsourcing—not racial animus, retaliation, or any exercise of free speech.

When asked what evidence supports her First Amendment retaliation claim arising out of an alleged "Hotline" complaint, Plaintiff testified that it was "what [her] heart said

that it was." Plaintiff has produced no evidence that the internal "Hotline" complaint was anything other than an "anonymous and non-traceable" tip, of which her superiors at the Board of Elections were unaware. (Def.'s Mem. Sup. Mot. Sum. J. Ex. 8.)

## II. STANDARD OF REVIEW

Summary judgment is appropriate where the record demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A "genuine issue of material fact" exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Thus, the court must view the record in the light most favorable to the nonmoving party, and must draw all reasonable inferences in its favor. *See Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002). However, "the mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient." *Anderson*, 477 U.S. at 252; *see also Othentec Ltd. v. Phelan*, 526 F.3d 135, 140 (4th Cir. 2008). Accordingly, to deny a motion for summary judgment, "[t]he disputed facts must be material to an issue necessary for the proper resolution of the case, and the quality and quantity of the evidence offered to create a question of fact must be adequate to support a jury verdict." *Thompson v. Everett, Inc. v. Nat'l Cable Adver., LP*, 57 F.3d 1317, 1323 (4th Cir. 1995).

## III. DISCUSSION

The undisputed record in this case fails to establish a *prima facie* case of racial discrimination, fails to support a retaliation claim, and fails to show any violation of

4

Plaintiff's free speech rights. Accordingly, summary judgment is appropriate on each of these claims.

## A. Unlawful Discharge Based on Race

First, Plaintiff fails to offer support of a *prima facie* case of unlawful discrimination. Under Title VII, Plaintiff bears the initial burden of proving a *prima facie* case of discrimination by raising an inference that the defendant acted with discriminatory intent. *Karpel v. Inova Health Sys. Servs.*, 134 F.3d 1222, 1228 (4th Cir. 1998) (citations omitted). This can be done through direct evidence of discriminatory intent or by using the four-part *McDonnell Douglas* burden-shifting approach. *Id.* (citations omitted).

In this case, Plaintiff has offered no direct evidence of racial animus and admits that none exists. (Williams Dep. at 77:17-22.) Thus, her only option would be to employ the *McDonnell Douglas* framework. To do so, she must show: (1) membership in a protected class; (2) that she is qualified for the position; (3) that she was discharged despite her qualifications; and, (4) that she was replaced with someone outside of the protected class with comparable qualifications or that it remained open to similarly qualified applicants after her termination. *Causey v. Balog*, 162 F.3d 795, 802 (4th Cir. 1998) (citing *Blistein v. St. John's College*, 74 F.3d 1459, 1467-68 (4th Cir. 1996); *Karpel*, 134 F.3d at 1228).

Here, Defendants do not challenge the first three elements required to establish a *prima facie* case. Instead, they rely on the uncontested evidence establishing that Plaintiff was not replaced at all—her duties have been outsourced and her position

5

completely eliminated. (Rodriguez Decl. at ¶ 4; Hicks-Thomas Decl. at ¶¶ 7-8.) Because her position has not been filled by someone outside of the protected class or left open to others similarly qualified, she has not established her *prima facie* case. Thus, summary judgment is appropriate on Count 1.

## B. Retaliation and First Amendment Claims

Summary judgment is similarly appropriate on Counts 2 and 3, both of which require a showing of causation between allegedly protected conduct and Plaintiff's termination. To establish a Title VII retaliation claim, Plaintiff must show: (1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action. *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010).[1] Similarly, a First Amendment retaliatory discharge requires her to establish that: (1) her allegedly protected speech was made in her role as a citizen speaking out on a matter of public concern; (2) her right of free expression outweighs the employer's interest in efficient operation of the state agency; and, (3) a causal relationship exists between the protected speech and termination. *Garcetti v. Ceballos*, 547 U.S. 410, 417-19 (2006).

As already explained, Plaintiff has offered no evidence whatsoever that her termination resulted from anything other than a public policy decision to outsource her

---

[1] Plaintiff also brings claims under 42 U.S.C. § 1981, which requires the same proof as a Title VII claim. *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 213-14 (4th Cir. 2007) (citing *Jackson v. Birmingham Bd. of Ed.*, 544 U.S. 167, 174-75 (2005); *Bryant v. Aiken Reg'l Med. Ctrs., Inc.*, 333 F.3d 536, 543 (4th Cir. 2003)). Because the analysis is essentially the same, the Court will not separately address this claim.

6

duties to another agency. She has offered no evidence that it was motivated by her engaging in any protected activity under Title VII. She has also failed to offer any evidence that any of the decision-makers knew about her "Hotline" call when they decided to outsource her position. Thus, any exercise of free speech could not have caused her termination. For these reasons, summary judgment is proper on Count 2 and 3.

## IV. CONCLUSION

For the reasons stated herein, Defendants' Motion for Summary Judgment will be granted and the case dismissed with prejudice.

An appropriate Order will issue.

/s/  
Henry E. Hudson  
United States District Judge

Date: Sept. 19 2012  
Richmond, Virginia